IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID EARL GORDON,
    Plaintiff,

vs.                              Case No. 3:11cv485/MCR/EMT

WARDEN R. TIFFT, et al.,
    Defendants.
_____/

**ORDER and AMENDED REPORT AND RECOMMENDATION**

    Plaintiff, an inmate proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint on October 2, 2011 (doc. 1 at 1). On October 31, 2011, the undersigned issued a report and recommendation recommending that this cause be dismissed, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety (doc. 11). On November 30, 2011, Plaintiff filed a motion to amend his complaint and a proposed amended complaint (docs. 21, 22). On January 17, 2012, the District Judge issued an order holding the Report and Recommendation in abeyance and referring the matter to the undersigned for disposition of Plaintiff's motion to amend and, in particular, a determination as to whether Plaintiff is subject to the "three strikes" rule in light of his allegation that an appeal in one of his prior cases was recently reinstated by the Eleventh Circuit (doc. 28).

    The undersigned will first address Plaintiff's motion to amend. Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course within twenty-one (21) days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one (21) days after service of a responsive pleading or a motion to dismiss under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). In the instant case, the complaint had not been served at the time Plaintiff filed his motion to amend. Therefore, he is entitled to amend his complaint as a matter of course.

Plaintiff names three Defendants in this lawsuit: Warden R. Tifft, the Warden at Santa Rosa Correctional Institution ("SRCI"), Officer Butler at SRCI, and Property Room Sergeant Steidl at SRCI (doc. 22 at 1, 2).[1]  Plaintiff was incarcerated at SRCI at the time he commenced this lawsuit; however, he was transferred to Century Correctional Institution on December 13, 2011 (*see* doc. 25). Plaintiff alleges that on May 2, 2011, he requested notary services to notarize an affidavit he needed to file in a federal court case (*see* doc. 1 at 8). He states Defendant Butler is the designated notary public at SRCI (*id.*). Plaintiff states he presented his affidavit to Butler to be notarized, but Butler refused to notarize it and instead gave Plaintiff another document, which Plaintiff states is "not applicable for a federal court filing" (*id.* at 8–9). Plaintiff states he filed a grievance with Defendant Tifft concerning Defendant Butler's conduct (doc. 22 at 8–9). He states Defendant Warden Tifft consulted with Defendant Sergeant Steidl, and they both denied his grievance on the ground that he received the appropriate document to sufficiently verify his pleadings under Florida Statutes section 92.525(2) (*id.* at 8–10). Plaintiff states that on August 4, 2011, Defendant Butler again refused his request to notarize affidavits (*id.* at 6–7). Plaintiff alleges Defendant Butler's refusal was accompanied by his simultaneous "unsnapping his pepper spray pouch" and staring at Plaintiff (*id.* at 7). Plaintiff states this conduct placed him in fear of Butler's spraying him with pepper spray at any time and for no legitimate reason (*id.*). Plaintiff contends Defendants' conduct violated his First, Eighth, and Fourteenth Amendment rights (*id.* at 10–11). Plaintiff seeks "whatever relief this court deems just and fair" (*id.* at 12).

Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

Plaintiff was clearly still a prisoner when he filed the instant civil rights action. Further, the court takes judicial notice of three cases previously filed by Plaintiff in the United States District Court for the Middle District of Florida: Gordon v. White, Case No. 3:07cv1137-HLA-HTS, Gordon v. City of Jacksonville, 3:10cv890-MMH-MCR, and Gordon v. Dep't of Corr., Case No. 6:10cv952-GAP-DAB.[2] According to the complaints in those cases, Plaintiff was incarcerated at the time of filing each of those cases. Each of those cases was previously dismissed by the district court as frivolous, malicious, or for failing to state a claim upon which relief may be granted.[3]

Plaintiff argues Gordon v. Dep't of Corr., Case No. 6:10cv952-GAP-DAB, should not be considered a "strike," because the Eleventh Circuit reinstated his appeal of the district court's order of dismissal, thereby rendering the district court's order of dismissal "not final" at the time he filed the instant complaint (*see* doc. 21 at 3; doc. 22 at 6). The docket of the Eleventh Circuit, Case No. 11-11426-H, shows that on August 2, 2011, Plaintiff's appeal of the district court's order in Case No. 6:10cv952-GAP-DAB was dismissed for want of prosecution (*see* attached). On August 10 and 16, 2011, Plaintiff filed a motion to withdraw the mandate and a motion for rehearing in the Eleventh Circuit; however, the motions were returned to him unfiled on August 25, 2011, on the ground that they were rendered moot by the court's August 2, 2011, dispositive order (*see* attached, poor image quality in original). On October 3, 2011, one day after Plaintiff commenced the instant federal lawsuit, Plaintiff filed a motion to reinstate the appeal in Case No. 11-11426-H (*see* attached, poor image quality in original). The motion was "clerically granted" on November 14, 2011 (*see* attached). On January 12, 2012, the Eleventh Circuit dismissed the appeal as frivolous (*see* attached).

The undersigned concludes that Plaintiff's seeking to reinstate his appeal after he commenced the instant case, and the Eleventh Circuit's clerically reinstating the appeal, does not change the fact that on the date Plaintiff filed the instant case, the district court in Case No. 6:10cv952-GAP-DAB had dismissed that case on the ground that Plaintiff failed to state a claim

---

[2] The inmate number of the plaintiff in those cases, #296994, is the same as Plaintiff's.

[3] Case No. 3:07cv1137-HLA-HTS was dismissed with prejudice on December 10, 2007, pursuant to 28 U.S.C. § 1915(e)(2)(B). Case No. 3:10cv890-MMH-MCR was dismissed with prejudice as frivolous on October 12, 2010. Case No. 6:10cv952-GAP-DAB was dismissed on March 16, 2011, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

upon which relief may be granted, and the Eleventh Circuit had issued a dispositive order dismissing the appeal. The undersigned therefore concludes Case No. 6:10cv952-GAP-DAB qualified as a "strike" under the language of § 1915(g).[4]

The remaining issue is whether the new allegations in Plaintiff's amended complaint demonstrate he qualifies under the "imminent danger of serious physical injury" exception to § 1915(g). Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit, in Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

---

[4] Plaintiff does not dispute that the other two cases identified by the undersigned qualify as "strikes."

Plaintiff's allegation that Defendant Butler unsnapped his pepper spray pouch and stared at him on August 4, 2011, does not suggest Plaintiff was under an imminent threat of serious physical injury two months later, on October 2, 2011, when he commenced this lawsuit. Therefore, Plaintiff does not qualify under the imminent danger exception to § 1915(g) and may not proceed in forma pauperis. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to amend (doc. 21) is **GRANTED**.

2. The original Report and Recommendation (doc. 11) is **VACATED**, and this Order and Amended Report and Recommendation replaces the former in full.

And it is respectfully **RECOMMENDED**:

1. That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

2. That all pending motions be **DENIED** as moot.

At Pensacola, Florida, this 18th day of January 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only**.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).